DANIEL G. BOGDEN
United States Attorney
CARLA B. HIGGINBOTHAM (NSBN 8495)
Assistant United States Attorney
100 W. Liberty Street, Ste. 600
Reno, NV 89501
Telephone: (775) 784-5438
Facsimile: (775) 784-5181

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID GONZALEZ, <br><br> Defendant. | Case No. 3:11-cr-00055-HDM-RAM <br><br> **GOVERNMENT'S MOTION TO UNSEAL SENTENCING DOCUMENTS** |

**CERTIFICATION:** The undersigned counsel certifies that this response is timely filed.

The United States of America, by and through its attorneys, DANIEL G. BOGDEN, United States Attorney for the District of Nevada, and CARLA B. HIGGINBOTHAM, Assistant United States Attorney, hereby files this motion to unseal the sentencing documents filed in this case. This motion is based upon the attached points and authorities, and such other matters as the Court may wish to consider.

///
///
///
///
///
///
///

**POINTS AND AUTHORITIES**

I.  INTRODUCTION

Defendant David Gonzalez pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). On October 10, 2012, Defendant filed his Sentencing Memorandum via the CM/ECF system. The document was not filed under seal. The document contained Defendant's Sentencing Memorandum and four exhibits, which included the psychological evaluation reports prepared by Defendant's psychologist. On October 11, 2012, the parties were notified that the Court removed this filing from the court docket and re-filed the document under seal because of concern that the document contained private information related to Defendant. Neither Defendant nor the Government requested that the document be placed under seal. Based on this order, the Government filed its Response to Defendant's Sentencing Memorandum under seal.

The Government agrees with the Court's concern and diligence in ensuring that private information about a litigant is not improperly disclosed in violation of the Court's rules and other legal provisions. The Government files this motion out of concern that it has implicit obligations under 28 C.F.R. § 50.9 to ensure that the public's and press's right of access to court proceedings and documents, as afforded under the First Amendment and common law, is not improperly impaired. The Government is filing this motion out of an abundance of caution and it is only intended to inform the Court of the concerns related to the sealing of the documents in this case. Based on the legal standards that apply to the closure of court proceedings and documents, the Government requests that the sentencing documents be unsealed, or at minimum, that only those portions of the sentencing documents that contain the personal information of Defendant be placed under seal.

II.  LEGAL ARGUMENT

    A.  <u>The First Amendment And Common Law Right Of Access To Court Proceedings Extends To Documents And Sentencing Proceedings.</u>

The United States Supreme Court has unequivocally held that the First Amendment guarantees the public and the press a fundamental right of access to criminal trials. See <u>Richmond Newspapers, Inc. v. Virginia</u>, 448 U.S. 555, 480, 100 S.Ct. 2814, 2829 (1980) (First Amendment guarantees right of access to criminal trial); <u>Globe Newspaper Co. v. Supreme Court</u>, 457 U.S. 596,

102 S.Ct. 2613 (1982) (same); <u>Press-Enterprise Co. v. Superior Court</u>, 464 U.S. 501, 104 S.Ct. 819 (1984) ("Press-Enterprise I") (First Amendment right of access extended to voir dire and transcripts); <u>Press-Enterprise Co. v. Superior Court</u>, 478 U.S. 1, 106 S.Ct. 2735 (1986) ("Press-Enterprise II") (First Amendment right of access extended to pretrial hearings). The Ninth Circuit has determined that these rights of access include post-trial proceedings, including sentencing proceedings. <u>CBS, Inc. v. United States District Court</u>, 765 F.2d 823 (9th Cir. 1985) (right of access extends to post-trial Rule 35 hearing); <u>see</u> also <u>United States v. Riveria</u>, 682 F.3d 1223 (9th Cir.2012) (Sixth Amendment to public trial applies to sentencing proceedings).

In addition to the First Amendment right of access, the United States Supreme Court and the Ninth Circuit have also recognized the common law right to inspect and copy public records and documents. <u>Nixon v. Warner Comm.</u>, 435 U.S. 589, 597, 98 S.Ct. 1306 (1978); <u>Globe Newspaper Co. v. Superior Court</u>, 457 U.S. 596, 606–07 (1982); <u>Times Mirror Co. v. United States</u>, 873 F.2d 1210, 1211 n.1 (9th Cir.1989).

As such, before a case or documents may be properly sealed, whether based upon the First Amendment or the common law right, the reviewing court must determine: (1) whether there is a compelling government interest which necessitates the denial of access; and (2) that the requested closure is narrowly tailored to serve that interest. <u>Globe</u>, 457 U.S. at 606-7. To prove a "compelling interest", the party moving to seal all or part of a proceeding must show "a substantial probability of prejudice to the defendant, the government or a third party, which closure would prevent." <u>Huminski v. Corsones</u>, 386 F.3d 116, 148-49 (2d Cir. 2004). Examples of "compelling interests" are: (1) protecting substantial privacy issues of the defendant, victim, or other persons, such as the extreme case of safeguarding the physical and psychological well-being of a minor sex victim, <u>Globe</u>, 457 U.S. at 508-09; (2) preventing abuse of the civil discovery process; (3) and the interest in not tipping off suspects by disclosure of search warrants. <u>In Re McClatchy Newspapers, Inc.</u>, 288 F.3d 369 373-4 (9th Cir. 2002). Other "compelling interests" include protecting a defendant's right to a fair trial and national security concerns. <u>Brown & Williamson</u>, 710 F.2d at 1165. However, "[t]he quantum of prejudice increases the more extensive the closure sought would be." <u>Huminski</u>, 386 F.3d at 149.

3

Second, any order sealing proceedings or filings must be **narrowly tailored** to protect only the compelling interest involved and must be the least restrictive means to protect that interest. Globe, 457 U.S. at 606-07. In other words, there must be a showing that there is no other way to protect the compelling interest except by sealing the proceedings or documents, and also the order to seal must be narrowly tailored to only further that interest. Rushford, 846 F.2d at 253.

Here, the only compelling interest that can be identified for the sealing of the sentencing documents in this case is Defendant's right to privacy in the medical documents and reports appended to his Sentencing Memorandum. However, Defendant filed these documents with the Court without making any request that the documents to be filed under seal. "Privacy is personal to individuals." See Medical Laboratory Mngt. Consultants v. Am. Broadcasting Companies, Inc., 306 F.3d 806, 814 (9th Cir. 2002). As a personal right, an individual can waive that right and choose not to afford himself to the protections of privacy that he or she may otherwise be entitled to.[1] Here, Defendant chose to file his Sentencing Memorandum and the exhibits attached thereto without seeking leave of court to file the documents under seal. It would seem that Defendant waived his right to privacy in this information. Thus, any compelling interest for closure of these documents has been substantially diminished, if not entirely, eroded. Without a compelling interest, these documents should not be sealed.

Even if Defendant had requested the seal of these documents, however, the right of access would still trump Defendant's right to privacy under these circumstances. As explained by courts in other districts, the presumption of access to documents "must be governed by the role of the material issue in the exercise of Article III judicial power." United States v. Sattar, 471 F.Supp.2d 380, 385 (S.D.N.Y. 2006). Thus, when documents "'directly affect an adjudication' and play a significant role in 'determining litigants' substantive rights'; these are entitled to the strongest presumption of public access." Id. In other words, the "presumption of access is entitled to great weight if a party submits the document to the court for purposes of adjudication" because once

---

[1] One example of this occurs when an individual consents to the search or their home. Although the individual has right to privacy in their home, this right can be waived by consent. The same is true of a person's information privacy.

4

submitted to the court, "the public should be able to assess the correctness of the judge's decision" by reviewing what information the court used or did not use in reaching its determination - even if those documents may contain otherwise private information. Id. at 386.

Here, Defendant submitted his Sentencing Memoranda and expert reports for the purpose of arguing that he should receive a sentencing variance. He asserts that his background, characteristics and mental health history mitigate his conduct and support a lower sentence. In virtually identical circumstances, other courts have held that any right to privacy in personal medical information provided to the court at sentencing is trumped by the right of access. United States v. Dare, 568 F.Supp.2d 242 (N.D.N.Y. 2008), is directly on point. In Dare, the defendant submitted a sealed sentencing memoranda, which referenced and was accompanied by medical reports and records that Defendant asserted mitigated her sole in the offense and supported a lower sentence. Id. at 243-244. A member of the press moved to unseal the documents arguing that the public and the press had a right to access these sentencing documents. Id. The court agreed. In reaching its conclusion, the court explained that although medical records are ordinarily entitled to privacy protections, when those documents are filed as part of a sentencing memorandum by a defendant for the purposes of attempting to mitigate the defendant's sentence, these privacy rights are trumped by the right of access. Id. at 244. The same result applies here.

For all of these reasons, the Government respectfully requests that all of the sentencing documents in this case be unsealed by the Court and be made available to the public.

However, to the extent the Court believes that Defendant's privacy interest has not been waived or remains a compelling basis for the sealing of the documents, the Government requests that the sealing order be modified. Any order sealing a proceedings or court documents should be narrowly tailored so that only that information related to the compelling interest requiring closure is effected. Globe, 457 U.S. at 606-7. A complete seal of all sentencing documents in this case is not necessary. There is additional information contained in these documents that is not private. As such, a blanket seal of these documents is not narrowly tailored to protect only Defendant's privacy interest in his medical information. Thus, at a minimum, the Government requests that the sealing

5

1  order be modified to seal only those portions of the sentencing documents that relate directly to
2  Defendant's private information.
3  III.    CONCLUSION
4        In sum, the Government respectfully requests that the Court unseal all of the sentencing
5  documents as there is no compelling interest for the closure of these documents. In the alternative,
6  the Government requests that the sealing order be modified to only seal those portions of the
7  sentencing documents that make reference to Defendant's private information.
8                    DATED this 16th day of October, 2012

                                    Respectfully submitted,

                                    DANIEL G. BOGDEN
                                    United States Attorney

                                    /s/Carla B. Higginbotham
                                    CARLA B. HIGGINBOTHAM
                                    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies, under penalty of perjury, that I am employee in the Office of the United States Attorney for the District of Nevada and that pursuant to LCR 47-11, I caused to be electronically filed on this date, a true and correct copy of the **GOVERNMENT'S MOTION TO UNSEAL SENTENCING DOCUMENTS** with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorneys of record set forth below:

Thomas E. Viloria, Esq.
Fahrendorf, Viloria, Oliphant & Oster LLP
P.O. Box 3677
Reno, NV 89509

Email: **tviloria@renonvlaw.com**

Dated this 16th day of October, 2012

    Judy K. Farmer