AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| DAVID GONZALEZ | Case Number: 3:11-cr-00055-HDM-WGC |
| | USM Number: 45833-048 |
| | Thomas Viloria, Esq. |
| | Defendant's Attorney |

**Date of Original Judgment:** 10/22/2012
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- **X** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- **X** pled guilty to  Count One of Single Count Superseding Indictment filed 6/22/2011
- ☐ pled nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18, U.S.C. §2252A(a)(2) | Receipt of Child Pornography | 4/6/2011 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) _____ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 18, 2012
Date of Imposition of Judgment

*/s/ Howard D. McKibben*
Signature of Judge

HOWARD D. McKIBBEN, Senior U.S. District Judge
Name and Title of Judge

11/1/2012
Date

DEFENDANT: DAVID GONZALEZ
CASE NUMBER: 3:11-cr-00055-HDM-WGC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Seventy-Eight (78) Months with credit for time served pursuant to 18, U.S.C. §3585.**

**X** The court makes the following recommendations to the Bureau of Prisons:

**Strong recommendation for placement of defendant at FMC Devens in Massachusetts.**

**Strong recommendation for defendant to receive psychological evaluation, counseling, treatment, and medications.**

**X** The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____

_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNTIED STATES MARSHAL

DEFENDANT: DAVID GONZALEZ
CASE NUMBER: 3:11-cr-00055-HDM-WGC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFETIME**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

X The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DAVID GONZALEZ
CASE NUMBER: 3:11-cr-00055-HDM-WGC

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>Possession of Weapon</u> - The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. <u>Warrantless Search</u> - The defendant shall submit to the search of his person, and any property, residence, or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. <u>Mental Health Treatment</u> - The defendant shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon the defendant's ability to pay.

4. <u>Minor Prohibition</u> - The defendant shall not associate with persons under the age of eighteen (18), except in the presence of a responsible adult who is aware of the nature of his background and current offense, and who has been approved by the probation officer.

5. <u>Sex Offender Treatment</u> - The defendant shall successfully complete a treatment program for sex offenders, as approved by the probation officer. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon the defendant's ability to pay.

6. <u>Computer Pornography Prohibition</u> - The defendant shall neither possess nor have under his control any matter that is pornographic, as defined in 18 U.S.C. §2256(2), or that depicts, suggests, or alludes to sexual activity of minors under the age of eighteen (18). This includes, but is not limited to, any matter obtained through access to any computer or any material linked to computer access or use.

7. <u>Pornography Prohibition</u> - The defendant shall not own, possess, use, view, or read any pornographic material, or frequent any place that is involved with pornography, as defined in 18 U.S.C. §2256(2).

8. <u>Computer Restriction and Monitoring</u> - The defendant shall provide the probation officer with accurate information regarding his entire computer system, including all related digital devices with memory and all passwords and internet service providers as well as all external harddrives. Further, the defendant shall allow the installation of any software/hardware on his computer by the probation officer, and he shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

9. <u>Report to Probation Officer After Release from Custody</u> - The defendant shall report in person to the probation office in the District to which the defendant is released within 72 hours of release from custody.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
         Sheet 5- Supervised Release

Judgment - Page __5__ of __6__

DEFENDANT:      DAVID GONZALEZ
CASE NUMBER:    3:11-cr-00055-HDM-WGC

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 | None | N/A |
|  | Due and payable immediately. | | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No: 3:11-cr-00055-HDM-WGC<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6- Schedule of Payments

Judgment - Page __6__ of __6__

DEFENDANT: DAVID GONZALEZ
CASE NUMBER: 3:11-cr-00055-HDM-WGC

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  **X**  Lump sum payment of $100.00 due immediately, balance due

    ☐ Not later than _____, or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

**X \***  The defendant shall forfeit the defendant's interest in the following property to the United States:
    \* See attached

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 18 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   3:11-CR-055-HDM (WGC)
                                  )
DAVID GONZALEZ,                   )
                                  )
            Defendant.            )

### FINAL ORDER OF FORFEITURE

On July 27, 2012, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 2253, based upon the plea of guilty by defendant DAVID GONZALEZ to the criminal offense, forfeiting specific property alleged in the Superseding Indictment and agreed to in the Plea Memorandum and shown by the United States to have a requisite nexus to the offense to which defendant DAVID GONZALEZ pled guilty. Superseding Criminal Indictment, ECF No. 25; Plea Memornadum, ECF No. 51; Change of Plea Minutes, ECF No. 52; Preliminary Order of Forfeiture, ECF No. 54.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law on via the official government internet forfeiture site, www.forfeiture.gov, consecutively from August 2, 2012, through August 31, 2012, notifying all known third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 56.

. . .

1  This Court finds no petition was filed herein by or on behalf of any person or entity and the
2  time for filing such petitions and claims has expired.

3  This Court finds no petitions are pending with regard to the assets named herein and the time
4  for presenting such petitions has expired.

5  THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right,
6  title, and interest in the property hereinafter described is condemned, forfeited, and vested in the
7  United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P.
8  32.2(c)(2); Title 18, United States Code, Section 2253; and Title 21, United States Code, Section
9  853(n)(7) and shall be disposed of according to law:

   1.  One Black HP Laptop Computer, Serial No. CND00812B5;
   2.  One Blue External Hard Drive, Serial No. 0912560320603590;
   3.  One Maxtor 40 GB Hard Drive, Serial No. EIFRY7FE; and
   4.  any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Section 2252A.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this 18th day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE