CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number 14853
ANDREW KEENAN
Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, Nevada 89501
(775) 784-5438
Andrew.Keenan@usdoj.gov

*Representing the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>     v.<br><br><br>DAVID GONZALEZ,<br><br>         Defendant. | 3:11-CR-00055-HDM-WGC<br><br>**Government's Opposition to Defendant's Motion for Early Termination of Supervised Release** |

I.     Introduction

In 2012, Defendant David Gonzalez was convicted of Receipt of Child Pornography for receiving and possessing thousands of images and videos depicting child pornography. In October 2012, he was sentenced to 78 months imprisonment and lifetime supervision. Defendant is now asking this Court to grant him the privilege of early termination of his lifetime supervised release. Because of the nature and circumstances of the crime and the need for the sentence to deter criminal conduct, protect the public, and provide needed treatment, the Court should deny his motion.

II.   Background

Defendant pleaded guilty with a plea agreement on July 19, 2012, to one count of Receipt of Child Pornography, Title 18, United States Code, Section 2252A(a)(2). On October 18, 2012, defendant was sentenced to 78 months imprisonment, lifetime supervision, and a one-hundred-dollar special assessment. Some of Defendant's special conditions of supervision included mental health treatment, prohibition of association with persons under the age of eighteen, sex offender treatment, computer pornography prohibition, pornography prohibition, and computer restrictions and monitoring.

III.   Points and Authorities

Title 18, United States Code, section 3583(e) authorizes a court to terminate supervised release under certain circumstances. "[A]fter considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). According to 18 U.S.C. §3583(e), the factors to be considered are 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.*

One of the factors, set forth in 18 U.S.C. § 3553(a)(1), is the nature and circumstances of the offense and history and characteristics of the defendant. As Probation noted in the PSR, Part A, Defendant possessed thousands of images and videos depicting child pornography, specifically 915 images and 1,175 videos. *PSR*, paragraph 18. The images

depicted children under the age of twelve and contained sadistic and masochistic images. *Id.* One image depicted a three- to five-year-old nude female child with her legs spread while an adult male ejaculated onto her body. *PSR*, paragraph 15. One video depicted a five- to seven-year-old female child performing fellatio on an adult male while foreign objects were inserted into her body anally. *Id.* Defendant told a police officer he had been viewing child pornography since the age of nine. *PSR*, paragraph 9. He admitted to masturbating to child pornography every other day. *PSR*, paragraph 4. The nature and circumstances of the sex offense in this case weigh strongly against the early termination of supervised release because it would not be in the interest of justice.

Other factors, set forth in 18 U.S.C. §§ 3553(a)(2)(B), (C), and (D), are the need for the sentence imposed to: afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Supervision remains necessary to protect the public and provide treatment given the severity of the Defendant's conduct and his apparent inability to stop engaging in that conduct over a significant period of time prior to his arrest. According to the PSR, Part A, on the date of his arrest, Defendant had told law enforcement that he has a problem and cannot stop watching child pornography. *PSR*, paragraph 11. On his way to be interviewed at the Washoe County Sheriff's Office, Defendant told an officer he had been viewing child pornography since the age of nine. *PSR*, paragraph 12. During the interview with law enforcement, Defendant admitted he had been collecting child pornography for many years and believed he would not be able to stop engaging in that conduct. *PSR*, paragraph 16.

Defendant, in summary, argues supervision should be terminated because he has complied with the terms of his supervised release, has not had any violations, and has benefited from the conditions of his release.  That the Defendant appears to be benefiting from supervision does not necessarily justify discontinuing that supervision but rather, in this case, demonstrates the need for and value of the supervision itself.  Early termination of supervised release would end various special conditions that may have been successful thus far in providing needed treatment and protecting the public from further crimes.  For example, if supervision were terminated, defendant's cellphone would no longer be monitored by Probation for pornographic material.  Defendant would no longer be required by Probation to check in with his sex offender treatment counselor once per month.  Defendant would not be prohibited from associating unsupervised with individuals under the age of eighteen.  For all of these reasons, especially given the recurrent, apparently compulsive nature of Defendant's conduct, the interest of justice weighs in favor of continued supervision in order to further treat Defendant and protect the public.

Lastly, another factor for the Court's consideration, under 18 U.S.C. § 3553(a)(5), is any pertinent policy statement.  The pertinent policy statement in the Sentencing Guidelines states that the statutory maximum term of supervised release, in this case lifetime, is recommended.  *See* U.S.S.G. § 5D1.2(b).  The policy statement "reflects the judgment of Congress and the Sentencing Commission that a lifetime term of supervised release is appropriate for sex offenders in order to protect the public.  *U.S. v. Daniels*, 541 F.3d 915, 923 (9th Cir. 2008) (citing H.R. Rep. 107–807, 2003 WL 131168).

/ / /

/ / /

Because of the need for supervision to deter criminal conduct, protect the public, and provide treatment, as well as the nature and circumstances of the crime, the Court should deny Defendant's motion for early termination of supervised release in the interest of justice.

Dated this 21st day of April, 2022.

                                          CHRISTOPHER CHIOU
                                          Acting United States Attorney

                                          */s/ Andrew Keenan*
                                          ANDREW KEENAN
                                          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing **Government's Opposition to Defendant's Motion for Early Termination of Supervised Release** was made through the Court's electronic filing and notice system (CM/ECF), and by sending a copy of same by first class mail addressed to the following:

David Gonzalez
1435 Auburn Way
Reno, NV 89502

DATED: April 21, 2022

s/ Andrew Keenan
ANDREW KEENAN