1

2

3

4

5

6                                UNITED STATES DISTRICT COURT

7                                   DISTRICT OF NEVADA

8   UNITED STATES OF AMERICA,            Case No. 3:11-cr-00055-HDM-WGC

9                        Plaintiff,
        v.                              ORDER
10
    DAVID GONZALEZ,
11
                         Defendant.
12

13        In 2012, the defendant, David Gonzalez, was sentenced to 78

14  months' imprisonment and a lifetime term of supervised release

15  for the crime of receipt of child pornography in violation of 18

16  U.S.C. § 2252A(a)(2). (ECF No. 63, 65, 67). Upon the defendant's

17  release from custody on or about December 4, 2015, supervised

18  release commenced. The defendant now moves the court to reduce

19  his term of supervised release. (ECF No. 68). The government

20  opposes the defendant's motion (ECF No. 69), while the Probation

21  Department does not oppose. The defendant has not replied, and

22  the time for doing so has expired.

23        At any time after one year of supervised release has

24  expired, and after considering several enumerated 18 U.S.C. §

25  3553(a) factors, the court may modify or terminate a term of

26  supervised release "if it is satisfied that such action is

27  warranted by the conduct of the defendant released and the

28  interest of justice." 18 U.S.C. § 3583(e).

                                      1

1    The court has considered the record and the pleadings on

2  file in this matter and finds that termination of supervised

3  release is not warranted at this time. The United States

4  Sentencing Guidelines' policy statement specifically recommends

5  lifetime supervision for sex offenses, which include receipt of

6  child pornography in violation of 18 U.S.C. § 2252A. *United*

7  *States v. Daniels*, 541 F.3d 915, 923 (9th Cir. 2008) (citing

8  U.S.S.G. § 5D1.2(b)). Further, while defendant's engagement with

9  supervision, volunteer efforts and charitable contributions are

10 laudable, the court concludes, for the protection of the public,

11 that continued supervision is appropriate because of the nature

12 and severity of the crime and because the record reflects that

13 the defendant has indicated that he had a compulsion to view

14 child pornography for many years and did not believe he could

15 stop. The court also concludes that the defendant will benefit

16 from further counseling as required by the probation department

17 and that there is continued benefit to both the public and the

18 defendant from the department's monitoring of the defendant for

19 pornographic material. Accordingly, the defendant's motion to

20 modify supervised release (ECF No. 68) is DENIED. The denial is

21 without prejudice.

22    IT IS SO ORDERED.

23    DATED: This 16th day of June, 2022.

24

25

26    _____
    UNITED STATES DISTRICT JUDGE

27

28

2