UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>     v.<br><br>DAVID GONZALEZ,<br><br>                    Defendant. | Case No. 3:11-cr-00055-HDM-CSD<br><br>ORDER |

In 2012, the defendant, David Gonzalez, was sentenced to 78 months' imprisonment and a lifetime term of supervised release for the crime of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). (ECF No. 63, 65, 67). Supervised release commenced upon the defendant's release from custody on or about December 4, 2015. In 2022, the defendant moved the court to reduce his term of supervised release, a motion the government opposed and the court denied. Less than a year later, the defendant filed a renewed motion for early termination of supervised release (ECF No. 71). The government again opposes (ECF No. 72). The defendant has not replied, and the time for doing so has expired.

At any time after one year of supervised release has expired, and after considering several enumerated 18 U.S.C. § 3553(a) factors, the court may modify or terminate a term of supervised release "if it is satisfied that such action is

1

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

In his motion, the defendant argues that the court improperly considered the severity of his offense when denying his first motion for early termination because § 3583(e) does not allow the court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

The defendant's argument is without merit. The court did not consider the need for the defendant's sentence to reflect the seriousness of the offense in resolving his motion. Rather, the seriousness of the offense is a factor subsumed within many of the other § 3553(a) factors including, in relevant part, § 3553(a)(1) -- "the nature and circumstances of the offense" – and § 3553(a)(2)(C) – "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." *See United States v. Kay*, 283 Fed. App'x 944, 947–48 (3d Cir. 2008) ("Furthermore, as the United States Courts of Appeals for the Second and Sixth Circuits have already held, the consideration of whether the sentence reflects the seriousness of an offender's crime is not limited to § 3553(a)(2)(A), but is expressed redundantly in the other factors courts are required to consider under § 3583(e)."); *United States v. Frezzell*, 2016 WL 406268, at *3 (W.D. Pa. Feb. 3, 2016) (unpublished disposition) ("[T]he court considers the seriousness of defendant's conduct under § 3553(a)(1).").

   The case the defendant cites is not to the contrary. In *Miqbel*, 444 F.3d at 1182, the Ninth Circuit held that "a court may not properly consider a need to 'promote respect for the law,' based on the nature of the underlying criminal offense committed, or on the 'seriousness of the [underlying] offense.'" It did not hold that a court may not consider the nature or severity of the underlying offense at all. Rather, it held only that a court may not consider the need to promote respect for the law in light of those factors. The court did not base its previous denial on the need to promote respect for the law based on the severity of the offense. To the extent the defendant asserts the court erred in its prior order, the argument is rejected.

   The court has again considered the record and the pleadings on file in this matter and finds that termination of supervised release remains premature. The defendant has been on supervision for less than eight years. The United States Sentencing Guidelines' policy statement specifically recommends lifetime supervision for sex offenses, which include receipt of child pornography in violation of 18 U.S.C. § 2252A. *United States v. Daniels*, 541 F.3d 915, 923 (9th Cir. 2008) (citing U.S.S.G. § 5D1.2(b)). Further, while the defendant's engagement with supervision, volunteer efforts and charitable contributions are laudable, the court concludes, for the protection of the public, continued supervision is appropriate because of the nature and severity of the crime and because the record reflects that the defendant at one time indicated he had a compulsion to view child pornography for many years and did not believe he could

3

stop. As before, the court concludes that there is continued benefit to the public and the defendant from the department's monitoring of the defendant for pornographic material. Accordingly, the defendant's motion to modify supervised release (ECF No. 71) is DENIED. The denial is without prejudice.

    IT IS SO ORDERED.

    DATED: This 6th day of June, 2023.

_____
UNITED STATES DISTRICT JUDGE